IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

Jacqueline Denney and Mark Denney, )
)
Plaintiffs; )
) Case No. CV-23-120-D
v. )
)
Humana Insurance Company, )
)
Defendant. )

## COMPLAINT

Plaintiffs, for their causes of action, allege and state:

1. This is an action brought pursuant to 29 U.S.C § 1001, et. seq. (ERISA).

2. Defendant Humana issues and administers health care plans in several states; the employee welfare benefit plan at issue in this lawsuit is issued and administered by Humana. Humana has significant contacts in this state, and the breach at issue occurred in Oklahoma County Oklahoma.

3. Venue and jurisdiction in this forum are appropriate.

4. Plaintiff Jacqueline Denny (Jax) at all operative times was a covered beneficiary under Mark Denney's plan; she is a "beneficiary" under the plan as defined by 29 U.S.C §1002(C)(8); her father Plaintiff Mark Denney is a "participant" under the plan provided by his employer as defined under §1002(C)(7).

5. Defendant Humana has violated its legal and benefit plan-based duties to Plaintiff by refusing to pay certain health care benefit claims incurred by Plaintiff.

6. At relevant times, Plaintiff was covered by an employee welfare benefit policy, interchangeably referred to as the plan or the policy, issued and administered by defendant Humana [1]. The plan provides for Defendant to pay for medical care and treatment (hereafter "benefits").

7. Under the terms of the plan, Defendant administered claims under the plan and retained the sole authority to grant or deny benefits to applicants and to communicate claims and appeals decisions and information about these matters to plan participants.

8. Upon information and belief, Defendant both funds the plan benefits and retains the sole authority to grant or deny benefits, thus Defendant has an inherent conflict of interest.

9. Due to the conflict of interest described above, this Court should consider Defendant's decision to deny benefits as an important factor during its review in determining the propriety of Defendant's denial of Plaintiff's benefits.

---

[1] Defendant has failed (refused?) to produce true copies of the Plan despite Plaintiff's lawful requests. Where necessary to clarify the issues,. Plaintiff reserves the right to amend the allegations if Defendant ever complies with Plaintiff's requests for information (see Third Cause of Action).n Plaintiffs have attached what they believe to be a correct copy of the Summary Plan Description.

10. Defendant has a fiduciary obligation to administer the plan fairly and to furnish benefits according to the terms of the plan.

## FIRST CAUSE OF ACTION

11. Defendant denied and/or improperly discounted claims under the plan for several procedures which were a medically necessary part of Plaintiff Jax's medical treatment for medically necessary jaw surgery and aftercare. Subsequent to the denials, Plaintiff complied with all relevant administrative procedures regarding claims for the benefits at issue, and then attempted to comply with all administrative appellate requirements regarding the denial. Unfortunately, Defendant refused to provide Plaintiff's requested information, including providing a proper benefit decision and claims decision; therefore the administrative appeal is deemed denied by operation of law. Defendant's denial of benefits was in violation of relevant legal standards of review.

12. The benefit plan is attached and marked as **Exhibit 1**. Specific plan provisions at issue in this matter include, but are not necessarily limited to, the following:

The plan covers medically necessary claims, Ex. 1; the claims at issue were submitted pursuant to the direction of Plaintiff's physicians, and were medically necessary.

13. Defendant's denial of benefits is contrary to the benefit plan's express provisions and constitutes an abuse of discretion as well as a

breach of Defendant's fiduciary and other ERISA-imposed duties owed to Plaintiff.

14.     Prior to filing this action, Plaintiff exhausted her administrative remedies (or they are deemed exhausted by operation of law): this action is timely filed.

15.     As a result of defendant's actions, Plaintiff has been damaged in the amount of accrued and accruing benefits; Plaintiff has also incurred legal costs and attorney's fees.

## SECOND CAUSE OF ACTION

16.     Defendant denied and/or improperly discounted claims under the plan for several procedures which were a medically necessary part of Plaintiff's treatment. Defendant's discounts/denial of benefits were in violation of relevant legal standards.

17.     The plan covers medically necessary claims, **Ex. 1**; the claims at issue were submitted pursuant to the direction of Plaintiff's physicians, and were medically necessary.

18.     Defendant's denial of benefits is contrary to the benefit plan's express provisions and constitutes an abuse of discretion as well as a breach of Defendant's fiduciary and other ERISA-imposed duties owed to Plaintiff.

19. Prior to filing this action, Plaintiff exhausted her administrative remedies (or they are deemed exhausted by operation of law): this action is timely filed

20. As a result of defendant's actions, Plaintiff has been damaged in the amount of accrued benefits; Plaintiff has also incurred legal costs and attorney's fees.

### THIRD CAUSE OF ACTION

21. Beginning on July 22, 2022, Plaintiff requested, pursuant to 29 U.S.C § 1132 (c)(1)(B) and 29 C.F.R. § 2560.503-1 (g)(B)(h)(2) that Defendant provide a copy of the plan and all claims and benefit information pursuant to ERISA statutes and regulations, so that Plaintiff could review the basis or bases of Defendant's denial and submit an appeal so as to obtain a full and fair review as required by law; Plaintiff made four requests from July 22, 2002 through December 19, 2022 for the information. **Exhibit 2**.

22. Defendant was delegated and/or assumed all substantive administrative duties of the plan administrator, including the duty to respond to requests for information. This delegation is evidenced by Defendant's express procedures outlined in Defendant's benefit plan, as well as Defendant's claim handling processes, and historical practice and procedure. Further, Defendant is the sole custodian of all information requested by Plaintiff and has explicitly assumed the duty of utilizing, retaining and disseminating claim information and related decision-making documents. Defendant also chooses and applies standards for claim

5

analysis and payment (sometimes referred to in the industry as "claims guidelines" or words to that effect). These duties, were both expressly and implicitly resulted in the delegation delegated to and/or assumed by Defendant, and include duties of disclosure as discussed in the following paragraph.

23. Defendant was under a duty to respond to Plaintiff's requests within 30 days pursuant to 29 U.S.C § 1132 (c)(1)(B) and 29 C.F.R. § 2560.503-1 (g)(B)(h)(2) and specifically subsection (iii) therein which mandates that "a claimant shall be provided...all documents, records and other information relevant to a claim for benefits". These items are defined at paragraph (m)(8) of the referenced section as any items "relied upon in making the determination as well as documents submitted, considered or generated in the course of making the benefit determination, without regard to whether such document, record or other information was relied upon in making the benefit determination."

24. Defendant only partially complied (and even then well past the 30-day deadline) with the request relative to the claims at issue—only providing copies of "Explanation of benefits" and ignoring the remainder of Plaintiff's requests for information, and this failure to provide requested information is a violation of ERISA statutes and regulations as set forth above; Defendant's failure to respond has prejudiced Plaintiff.

**PRAYERS FOR RELIEF**

Plaintiff prays for relief as follows:

25. A declaration that Defendant breached its fiduciary duties under ERISA by denying medically necessary care, which was covered by the plan;

27. An order requiring Defendant to reimburse all incurred treatment costs as above-described arising from Defendant's violations of ERISA;

28. An order granting equitable restitution and other appropriate equitable monetary relief against Defendant;

29. Award plaintiff statutory damages of $110 per day pursuant to 29 U.S.C § 1132 (c)(1)(B) as amended by 29 C.F.R. § 2575.502 (c)(1).

30. An award of all other appropriate and equitable relief under ERISA, including but not limited to 29 U.S.C §1132 (a)(1)(b) and/or (a)(3), and costs, interest and attorney's fees.

Respectfully Submitted,

Roy S. Dickinson, OBA #13266
1408 Winding Ridge Rd.
Norman, OK 73072
(405) 321-3288
(405) 701-5708 (fax)
roydickinson@dickinsonlegal.com

ATTORNEY"S LIEN CLAIMED