UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACQUELINE DENNEY and MARK DENNEY,<br><br>Plaintiffs,<br><br>v.<br><br>HUMANA INSURANCE COMPANY,<br><br>Defendant. | Case No. CIV-23-120-D |

# O R D E R

Before the Court is Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint [Doc. No. 18] under Fed. R. Civ. P. 12(b)(6). Defendant asserts that, for various reasons, Plaintiffs fail to state a claim under the Employment Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001 *et seq*. Plaintiffs oppose the Motion, which is fully briefed. *See* Pls.' Resp. Br. [Doc. No. 19]; Def.'s Reply Br. [Doc. No. 20].

## Background

The First Amended Complaint [Doc. No. 12] alleges that Defendant issued and administered an employee welfare benefit plan provided by Plaintiff Mark Denney's employer. Defendant was the claims administrator for the plan with authority to pay benefits for covered health care expenses. Mr. Denney's daughter, Plaintiff Jacqueline Denney, allegedly received medically necessary jaw surgery and related services covered by the plan. Plaintiffs claim that Defendant denied or improperly discounted payment for the benefit claims submitted for Ms. Denney's care and made benefit decisions that contravened the provisions of the plan and breached fiduciary duties under ERISA.

Plaintiffs assert three claims for relief:  1) a claim under 29 U.S.C. § 1132(a)(1)(B) for unpaid benefits; 2) an "alternative" claim for benefits under § 1132(a)(3); and 3) a claim under § 1132(c)(1) for refusal to provide requested plan information.  Defendant moves for dismissal on multiple grounds, as stated in the discussion below.

## Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, in assessing plausibility, a court must first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id*. at 681.

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id*. at 679.  Thus, for example, "[a] simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time."  *Robbins v. Oklahoma*, 519 F. 3d 1242, 1248 (10th Cir. 2008). The question to be decided

under Rule 12(b)(6) is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).

"Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). There are well-recognized exceptions, however, for "(1) documents that the complaint incorporates by reference" or attaches, and "(2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id*. (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co*., 287 F.3d 936, 941 (10th Cir. 2002)); *see Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this case, Plaintiffs rely on attachments to their initial Complaint that consist of a summary plan description and communications between the parties' representatives. *See* Compl., Exs. 1 and 2 [Doc. Nos. 1-1 and 1-2]. Defendant does not dispute the authenticity of these documents, and the Court finds they may properly be considered under Rule 12(b)(6). *See GFF Corp. v. Assoc. Wholesale Grocers, Inc*., 130 F.3d 1381, 1384 (10th Cir. 1997); *see also Hampton v. Root9B Tech*., 897 F.3d 1291, 1297 (10th Cir. 2018).[1]

---

[1] With its Motion, Defendant provides excerpts of a 2020 summary plan description that allegedly was an operative plan document at the relevant time. *See* Def.'s Mot. Dismiss, Harvel Decl., Ex. A [Doc. No. 18-2]. Plaintiffs do not contest the applicability of the 2020 plan to their benefit claims, but in any event, there does not appear to be a material difference in the two documents for purposes of the Motion. Plaintiffs submit additional material with their brief that is not considered. *See* Pls.' Resp. Br., Ex. 1 (M. Denney Decl.).

**Discussion**

A.  **Benefit Claim Under § 1132(a)(1)(B)**

Defendant asserts that Plaintiffs have not adequately stated a claim for benefits due under the plan because Plaintiffs do not identify specific plan provisions that were allegedly violated or identify which claims were improperly denied. Defendant contends this lack of specificity fails to satisfy the plausibility standard of *Twombly/Iqbal*, citing as authority unpublished district court decisions. See Def.'s Supp. Br. [Doc. No. 18-3] at 6. The Court is not persuaded.

Upon consideration, the Court finds that Plaintiffs' allegations, viewed in the light most favorable to them as required by Rule 12(b)(6), are minimally sufficient to state an ERISA claim for unpaid benefits. Plaintiffs include in their amended pleading a list of covered services that were wrongly denied or underpaid. See Am. Compl. ¶ 12. The correspondence attached to their Complaint states dates of service and provides identifying information. The Court finds that the factual allegations of Plaintiffs' pleading plausibly suggest an entitlement to relief under § 1132(a)(1)(B) and give Defendant fair notice of the claim, which is all federal pleading rules require. See *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("Rule 8(a)(2) still lives.").

Defendant also makes a conclusory assertion that Mr. Denney lacks "standing" to bring a benefit claim because he fails to allege facts showing he is a proper party. See Def.'s Supp. Br. at 11. Again, the Court disagrees. Plaintiffs state that Mr. Denney was a participant in the plan sponsored by his employer and was financially responsible for the

health services provided to his daughter. *See* Am. Compl. ¶ 4. These facts, accepted as true, are sufficient to establish his stake in the outcome of the dispute over unpaid benefits.

Finally, Defendant challenges Plaintiffs' benefit claim on the ground that they failed to exhaust administrative remedies before filing suit. Defendant points to allegations that Plaintiffs attempted to comply with the appeal process provided by the plan (and further effort would be futile) as establishing a lack of exhaustion. *See* Def.'s Supp. Br. at 12-13.

Defendant invokes a judicial doctrine that provides an affirmative defense to an ERISA benefit claim. *See Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 280 (3d Cir. 2007) ("The [ERISA] exhaustion requirement is a nonjurisdictional affirmative defense."); *Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435, 446 (2d Cir. 2006) (failure to exhaust ERISA administrative remedies is an affirmative defense). Under proper circumstances, a defendant may obtain a dismissal under Rule 12(b)(6) where an affirmative defense appears on the face of a complaint. *See Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965); *see also Settles v. Golden Rule Ins. Co.*, 927 F.2d 505, 508 (10th Cir. 1991) (defendant bears burden to prove preemption defense, but complaint contained "ample facts" to establish preemption). Here, however, the Court finds Defendant's assertion of an exhaustion defense is premature. The ERISA exhaustion requirement may sometimes be excused, such as "when resort to administrative remedies would be futile or when the remedy provided is inadequate." *See Holmes v. Colo. Coal. for Homeless Long Term Disability Plan*, 762 F.3d 1195, 1204 (10th Cir. 2014). Given Plaintiffs' allegations that Defendant refused to provide necessary information, the Court finds that Defendant's exhaustion defense cannot be resolved on the face of the First Amended Complaint.

5

B.     **Equitable Claim Under § 1132(a)(3)**

Defendant asserts that Plaintiffs' alternative claim must be dismissed because it is duplicative of their claim for unpaid benefits. Defendant contends Plaintiffs cannot pursue on the same alleged facts both a benefit claim and an equitable claim under ERISA. Plaintiffs claim they are simply asserting alternative theories for relief as allowed under federal pleading rules.

Plaintiffs are correct that Fed. R. Civ. P. 8(d) allows alternative pleading. "Federal pleading rules have for a long time permitted the pursuit of alternative and inconsistent claims." *Boulware v. Baldwin*, 545 F. App'x 725, 729 (10th Cir. 2013). However, "alternative pleading does not absolve a plaintiff of the duty to present facts that would state a claim on all theories." *See Ryland v. Blue Cross Blue Shield Healthcare Plan*, No. CIV-19-807-D, 2019 WL 7195610, at *2 (W.D. Okla. Dec. 26, 2019). The Court must therefore determine whether the alleged facts would support Plaintiffs' alternative claim for equitable relief.

The viability of Plaintiffs' equitable claim for breach of fiduciary duty depends on ERISA's statutory scheme. ERISA protects employee pensions and benefits in various ways; it creates general fiduciary duties and imposes "trust-like fiduciary standards" for which federal courts may "develop a federal common law of rights and obligations under ERISA-regulated plans." *Varity Corp. v. Howe*, 516 U.S. 489, 496-97 (1996). ERISA authorizes civil enforcement of its provisions through civil actions by certain parties for certain types of relief. *See* 29 U.S.C. § 1132(a). The Supreme Court has examined the structure of ERISA's enforcement scheme and found it includes four subsections for

6

specific types of legal relief and two subsections that create equitable "catchalls." "[T]hese 'catchall' provisions act as a safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." *Varity*, 516 U.S. at 512. Thus, where a plaintiff has a remedy under a specific provision, equitable relief is not needed and is not appropriate. *Id*. at 515.

There is no question that Plaintiffs' unpaid benefit claim relates to one of the specific subsections, § 1132(a)(1)(B), and their fiduciary claim is based on the catchall provision of § 1132(a)(3). Under the alleged facts of this case, Plaintiffs can only recover under one of these provisions, and Plaintiffs' allegations support a benefit claim. Plaintiffs allege that Defendant breached its fiduciary duty by wrongfully denying benefits to Ms. Denney. That claim fits squarely within § 1132(a)(1). Determining whether a beneficiary is entitled to benefits is a fiduciary act, but relief for that type of fiduciary act is available under § 1132(a)(1). *See Varity*, 516 U.S. at 511. Therefore, if Plaintiffs' allegations are true, § 1132(a)(1)(B) offers a complete remedy, and relief under an equitable catchall provision is not appropriate.[2]

Plaintiffs do not identify any other fiduciary acts underlying their claim for equitable relief. Plaintiffs have not demonstrated – based on the alleged facts – any possibility that

---

[2] Further, the Supreme Court has specifically addressed the meaning of "appropriate equitable relief" under the catchall of § 1132(a)(3) and has rejected attempts to impose liability for a contractual obligation to pay money, "holding that the term 'equitable relief' in [§ 1132(a)(3)] refers to 'those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages).'" *Callery v. U.S. Life Ins. Co.*, 392 F.3d 401, 404 (10th Cir. 2004) (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993), and citing *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002)). Equitable relief available under § 1132(a)(3) does include an award of money damages. *Id*. at 409.

7

§ 1132(a)(1) cannot provide an adequate remedy for Defendant's denial of benefits, meaning there is no plausible claim for equitable relief. Unlike a case where alternative pleading is appropriate, this case does not present a situation where the same set of facts can support two different legal theories or where alternative facts are alleged. Instead, Plaintiffs allege one set of facts that simultaneously states a claim under § 1132(a)(1)(B) and precludes a claim under § 1132(a)(3). Under these circumstances, dismissal is appropriate.[3]

Plaintiffs attempt to avoid this result by arguing that the Supreme Court significantly expanded the reach of § 1132(a)(3) in *Cigna Corp. v. Amara*, 563 U.S. 421 (2011). *See* Pls.' Resp. Br. at 6-7. There, a pension plan administrator violated its fiduciary obligations to beneficiaries by failing to disclose changes in their benefits under a new plan, and the question presented was an appropriate ERISA remedy. The district court had "reformed the new plan and ordered [the administrator] to pay benefits accordingly," under the authority of § 1132(a)(1)(B). *Amara*, 563 U.S. at 425. The Supreme Court found that § 1132(a)(1) did not authorize this relief but that § 1132(a)(3) could provide a remedy, depending on equitable principles identified by the Court for the district court to apply on remand. *Id*. Because no remedy was provided by § 1132(a)(1), relief was available under § 1132(a)(3) to fill the gap with equitable remedies such as reformation, estoppel, and perhaps a monetary "surcharge." *Id*. at 441-42.

---

[3] Because Plaintiffs could obtain information through factual development of their case that might support a different fiduciary duty claim, the Court finds that the dismissal should be without prejudice to a future motion to amend their pleading.

8

The situation in this case is distinguishable because Plaintiffs state an actionable claim under § 1132(a)(1)(B). The Court finds no basis in *Amara* to depart from the rule of *Varity* that equitable relief is not available under a catchall provision when a specific enforcement provision applies. Under the alleged circumstances of this case, the Court finds that the First Amended Complaint fails to state a plausible claim under § 1132(a)(3).

C.  **Statutory Claim Under § 1132(c)(1)(B)**

Defendant asserts that it is not a proper party to a claim under § 1132(c)(1) for failure to supply requested plan information. Plaintiffs have sued Defendant as the claims administrator of the ERISA health plan; they admit Defendant was not the plan administrator. *See* Pls.' Resp. Br. at 9 ("Who is the Plan Administrator in this case? The Foley Group"). Regardless of which plan document applies (*see supra* note 1), Defendant was not designated as the plan administrator. *See* Am. Compl., Ex. 1 [Doc. No. 1-1] at 66 (ECF page numbering); Def.'s Ex. A [Doc. No. 18-2] at 7 (ECF page numbering). Thus, the law is clear that Defendant cannot be held liable under § 1132(c). *See Thorpe v. Ret. Plan of Pillsbury Co.*, 80 F.3d 439, 444 (10th Cir. 1996); *McKinsey v. Sentry Ins.*, 986 F.2d 401, 403 (10th Cir. 1993).

Plaintiffs attempt to avoid this conclusion by arguing that § 1332(c)(1)(B) covers "any administrator" and "Defendant is an 'administrator' – a claims administrator." *See* Pls.' Resp. Br. at 9. Plaintiffs argue a theory of Defendant's liability as "a de facto delegee of the Plan Administrator's disclosure duties" or, perhaps, due to Defendant's assumption of those duties. *Id*. at 10-11. Plaintiffs cite no legal authority for this alleged basis of liability under § 1132(c)(1)(B). More importantly, it is contrary to Tenth Circuit precedent

9

and the weight of federal authority. *See McKinsey*, 986 F.2d at 404; *Mondry v. Am. Fam. Mut. Ins. Co.*, 557 F.3d 781, 794 (7th Cir. 2009) ("this court and others have held that liability under section 1132(c)(1) is confined to the plan administrator and have rejected the contention that other parties, including claims administrators, can be held liable for the failure to supply participants with the plan documents they seek").[4]  Therefore, the Court finds that Plaintiffs have failed to state a plausible claim under § 1132(c)(1)(B) and this claim must be dismissed.[5]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint [Doc. No. 18] is **GRANTED** in part and **DENIED** in part, as set forth herein. Plaintiffs' equitable claim for breach of fiduciary duty is **DISMISSED without prejudice**; Plaintiffs' statutory claim for failure to supply requested information is **DISMISSED with prejudice**.

**IT IS SO ORDERED** this 1st day of December, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[4] The Seventh Circuit also addressed what documents fall within the scope of § 1024(b)(4) and the plan administrator's duty of production. *See Mondry*, 557 F.3d at 796-97.  It is unclear whether some of the information Plaintiffs sought would fall within that duty.

[5] Because this pleading defect could not be cured by further amendment, the Court finds that this dismissal should be with prejudice to refiling.